# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

THOMAS RAY RAMBO                                                                                       PLAINTIFF
ADC #510480

v.                                               4:17cv00434-KGB-JJV

GARY STEWART, Doctor,
Faulkner County Sheriff's Office; *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the magistrate judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Thomas Ray Rambo ("Plaintiff"), presently incarcerated at the Grimes Unit of the Arkansas Department of Correction and formerly incarcerated at the Faulkner County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges his rights under the Health Insurance Portability and Accountability Act ("HIPAA") were violated when Defendant Gary Stewart faxed information about Plaintiff's medical condition to Defendant Rueben Johnson. (*Id*. at 4-5.) Plaintiff states he had not signed a waiver authorizing the release of his private health information. (*Id*.) He seeks punitive damages in the amount of $200,000. (*Id*. at 17.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

2

granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

Plaintiff's Complaint does not plead facts sufficient to state a claim to relief that is plausible on its face.  HIPAA does not create a private right of action.  *See, e.g.*, *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).  Therefore, "it cannot be privately enforced either via § 1983 or through an implied right of action."  *Adams v. Eureka Fire Protection Dist.*, 352 Fed. App'x 137, at 1 (8th Cir. 2009) (per curiam).  *See also McClain v. Howard*, No. 13-5269, 2015 WL 6123063, at 10 (W.D. Ark. Sept. 21, 2015) (recommended decision) (prisoner failed to state a § 1983 claim under HIPAA for the alleged wrongful obtaining of his medical records).  Because Plaintiff's claims rest entirely on the alleged HIPAA violation, his Complaint fails to state any claim upon which relief can be granted.  If Plaintiff has information that would bolster his allegations, he should provide it in his objections to this recommendation.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."